# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| LINDA M. PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-2616 (KBJ) |
| | ) | |
| UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Pro se plaintiff Linda Porter ("Porter") contends that the United States Agency for International Development ("USAID")—her former employer—engaged in illegal employment discrimination by refusing to promote her between 1990 and June 1, 2017, when she retired from the agency. (*See* Compl., ECF No. 1, at 2 ("I am filing a Discrimination Complaint . . . for my GS 12 salary in the amount of $100,000.00 because I have not been given a promotion since 1990."; *see* Att. to Compl. ("Att."), ECF No. 1-1, at 1 (maintaining that she started working at USAID in 1971 and that she "received fully successful rating[s] from the time of entry until [her] retirement . . . in June 1, 2017").)[1] The precise nature of the discrimination that Porter intends to allege is not clear from her handwritten pleading or its attachments. In the motion to dismiss that is before this Court at present, USAID maintains that Porter plainly failed to exhaust administrative remedies prior to filing the instant complaint, regardless of

---

[1] Page-number citations to the documents that the parties have filed refer to the page numbers that the Court's electronic filing system automatically assigns.

whether the Court looks to Title VII of the Civil Rights Act of 1964 ("Title VII"), which prohibits discrimination on the basis of race, color, religion, sex, or national origin, *see* 42 U.S.C. § 2000e-2(a), or to the Age Discrimination in Employment Act ("ADEA"), which prohibits discrimination on the basis of age, *see* 29 U.S.C. § 623(a). For the reasons explained below, this Court agrees with USAID's analysis; therefore, USAID's motion to dismiss will be **GRANTED**, and Porter's complaint will be **DISMISSED**. A separate Order consistent with this Memorandum Opinion will follow.

I.

A federal employee who wishes to bring a claim of employment discrimination in federal court must first exhaust available administrative remedies. *See Horsey v. U.S. Dep't of State*, 170 F. Supp. 3d 256, 264 (D.D.C. 2016). With respect to a discrimination claim brought under either Title VII or the ADEA, "this means that the employee must contact an [Equal Employment Opportunity ("EEO")] Counselor to initiate informal counseling 'within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.'" *Id.* (quoting 29 C.F.R. § 1614.105(a)(1)); *see also Coleman v. Duke*, 867 F.3d 204, 206 (D.C. Cir. 2017) (applying 29 C.F.R. § 1614.105(a)(1) to Title VII and ADEA claims). An employee claiming age discrimination under the ADEA may alternatively elect to forego the administrative process and instead file a complaint directly with the federal court, but she must first give the Equal Employment Opportunity Commission ("EEOC") "notice of an intent to file such action" at least thirty days before filing the lawsuit, and she must file that notice within 180 days of the "alleged unlawful practice." 29 U.S.C. § 633a(c), (d); *see also* 29 C.F.R.

§ 1614.201(a).

Although these statutory deadlines "are not jurisdictional[,] and are subject to waiver, estoppel, and equitable tolling, it is well established that the plaintiff-employee who fails to comply, to the letter, with administrative deadlines ordinarily will be denied a judicial audience[.]" *Horsey*, 170 F. Supp. 3d at 264–65 (internal quotation marks and citation omitted). Therefore, in order for Porter's complaint to survive USAID's motion to dismiss, Porter must have in some manner exhausted her administrative remedies before filing her discrimination lawsuit. *See Vasser v. McDonald*, 228 F. Supp. 3d 1, 8 (D.D.C. 2016) ("[T]he motion-to-dismiss standard governs motions to dismiss for failure to exhaust administrative remedies under Title VII and the ADEA.").[2]

II.

The instant complaint and the exhibits attached thereto make clear that Porter has failed to exhaust the discrimination claim she seeks to bring in federal court. *See Horsey*, 170 F. Supp. 3d at 265 (explaining that a court may dismiss a claim of

---

[2] To the extent that Porter might be seeking to bring her discrimination claim under the Equal Pay Act, 29 U.S.C. § 206(d)(1) (*see* Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 10, at 2 (referencing her salary)), the exhaustion requirements discussed above would not apply. *See* 29 C.F.R. § 1614.408 ("A complainant is authorized under [29 U.S.C. § 216(b)] to file a civil action in a court of competent jurisdiction within two years or, if the violation is willful, three years of the date of the alleged violation of the Equal Pay Act regardless of whether he or she pursued any administrative complaint processing."). But the allegations in Porter's complaint fall far short of stating any such claim; indeed, Porter has failed to allege *any* facts that would give rise to any plausible inference that USAID violated the Equal Pay Act. *See Goodrich v. Int'l Brotherhood of Elec. Workers, AFL-CIO*, 712 F.2d 1488, 1491 (D.C. Cir. 1983) ("To establish a prima facie case under the [Equal Pay] Act, a plaintiff must show that an employer pays different wages to employees of opposite sexes 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" (quoting 29 U.S.C. § 206(d)(1))). Porter's complaint is deficient in this regard even when the Court views its sparse allegations in light of the relaxed pleading standards that are applicable to *pro se* litigants. *See Haines v. Kerner*, 29 F.3d 682, 684 (D.C. Cir. 1994) ("*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. Nonetheless, a *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court." (internal quotation marks and citations omitted)).

discrimination for failure to exhaust administrative remedies "if the failure to exhaust is evident on the face of the complaint" (citation omitted)); *see also Vasser*, 228 F. Supp. 3d at 8–9 ("In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider the facts alleged in the complaint [and] documents attached as exhibits[.]" (internal quotation marks and citation omitted)).

To start, this Court acknowledges that, in addition to being silent regarding the *type* of discrimination Porter is alleging, Porter's complaint does not say *when* USAID allegedly discriminated against her, other than to assert that USAID has not given her a promotion since 1990. (*See* Compl. at 2.) In email correspondence that Porter attached to the complaint, Porter explains that she retired from USAID on June 1, 2017. (*See* Att. at 1.) Thus, if the Court considers the latest possible date that USAID could possibly have engaged in any alleged discrimination to be the date of Porter's retirement (June 1, 2017), Porter would have had 45 days—or until Monday, July 17, 2017—to contact an EEO Counselor in order to exhaust her discrimination claim. *See* 29 C.F.R. § 1614.105(a)(1); *see also id.* § 1614.604(d) (extending deadline "to include the next business day" when the last day of the time period falls on a Sunday).

Porter's complaint plainly alleges that she reached out to an EEO Counselor about the alleged discriminatory non-promotion *several months later than that*—"on October 25, 2017 and December 4, 2017." (Compl. at 1.) The emails that Porter attaches to her pleading confirm the dates of these contacts, and they further indicate that the earliest date in which Porter sought to make contact with an EEO counselor was October 24, 2017. (*See* Att. at 2 (email of October 24, 2017); *see also id.* at 1 (email of October 25, 2017).) Thus, it is clear from the face of Porter's complaint that Porter did

4

not reach out to the EEOC in time to exhaust her administrative remedies prior to filing the instant discrimination lawsuit. *See, e.g.*, *Vasser*, 228 F. Supp. 3d at 4 (dismissing ADEA and Title VII claims for failure to exhaust); *Beckwith v. Ware*, 174 F. Supp. 3d 1, 5 (D.D.C. 2014) (same).

The fact that Porter missed the 45-day window is not necessarily fatal to a discrimination claim brought under the ADEA because, as noted above, an employee seeking to bring a claim of discrimination under that statute might opt to file suit directly with the federal court instead of first going through the administrative process. *See* 29 U.S.C. § 633a(c), (d); 29 C.F.R. § 1614.201(a). In that circumstance, Porter would have had 180 days from the date of any alleged discrimination to provide the EEOC with notice of her intent to sue, and she would then have had to wait at least thirty days to file a lawsuit. *See* 29 U.S.C. § 633a(c), (d); 29 C.F.R. § 1614.201(a). If this Court assumes that the latest date that USAID could have engaged in any alleged age discrimination against Porter is June 1, 2017, Porter had until November 28, 2017, to provide the EEOC with notice of her intent to sue. (*See* Att. at 1 (noting retirement date of June 1, 2017).) And just as with the administrative exhaustion requirements discussed above, it is clear from the complaint and the emails attached thereto that Porter failed to meet this deadline.

Specifically, when Porter corresponded with the EEOC on October 24, 2017, she said nothing about filing a lawsuit; instead, she stated that she was writing to initiate the administrative EEOC process by "fil[ing] a Civil Rights Complaint against [USAID]," and she requested a meeting with "a Civil Rights Counsel as soon as possible to discuss further information about my employment." (*Id.* at 2.) In another

5

similar email, dated October 25, 2017, Porter again "request[ed] a meeting" in order "to discuss Employment Discrimination[.]" (*Id.* at 1.) These emails seeking to start the administrative process and requesting an audience with EEOC officials are manifestly insufficient to put the EEOC on notice that Porter intended to sue USAID in federal court, which is what the ADEA's alternative timing requirement demands. *See, e.g.*, *Drielak v. McCarthy*, 209 F. Supp. 3d 230, 238 (D.D.C. 2016) ("There is no evidence that [Plaintiff] ever sent the EEOC notice of his intent to sue . . . [a]nd while [Plaintiff] attempted to invoke the administrative process by contacting an EEO counselor[,] many of the discriminatory acts he reported occurred months or years before he first did so." (citations omitted)); *Charles v. Brennan*, 174 F. Supp. 3d 97, 104 (D.D.C. 2016) ("Noticeably absent is any allegation that [Plaintiff] notified the EEOC that he intended to file suit in federal court, let alone within 180 days of any allegedly discriminatory action."). Porter also sent additional emails in December of 2017—*beyond* the 180-day deadline (which in itself fails to satisfy the ADEA's mandate)—but these emails, too, fell short of providing adequate notice of Porter's intent to sue. (*See* Att. at 2 (requesting "to meet with you about my GS-12 Promotion"); *id.* at 3 (stating that "[u]nder regulations enforced by the EEOC, found at CFR Part 1614, an EEO Counselor has 30 days from the date to try to informally resolve the issue[,]" and requesting "to set up an appointment to meet . . . to resolve this issue"); *id.* at 4 (responding to email explaining the administrative exhaustion process and thanking email recipient "for emailing me back and stating additional information about filing a compl[ai]nt in the Federal district court").)

As such, it appears that Porter has pled herself out of maintaining any plausible

discrimination claim under Title VII or the ADEA. That is, far from being silent on the issue of administrative exhaustion, Porter's complaint and the records she attaches make affirmative statements that, if true, would conclusively establish that she neither exhausted administrative remedies under Title VII or the ADEA nor otherwise met the alternative timing requirements for filing a claim of age discrimination in federal court. What is more, there is nothing in Porter's complaint or in the attachments thereto that indicates that equitable tolling would be appropriate here. *See Horsey*, 170 F. Supp. 3d at 267 (explaining that the timing requirements for discrimination claims may be subject to equitable tolling, but only if "a tardy plaintiff" shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (internal quotation marks, citation, and alterations omitted)).

III.

Based on the allegations of the instant complaint and its attachments, this Court agrees with USAID that Porter's complaint cannot proceed because she failed to exhaust administrative remedies before she filed the claim that she seeks to prosecute in federal court. Consequently, and as set forth in the accompanying Order, USAID's motion to dismiss Porter's complaint will be **GRANTED**, and Porter's action will be **DISMISSED**.

DATE: February 27, 2019

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge